IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

TEREGINALD WALLACE                                                                PETITIONER

v.                              NO. 5:14CV00109 JLH/HDY

RAY HOBBS, Director of the                                                        RESPONDENT
Arkansas Department of Correction

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

RECOMMENDATION

On September 19, 2002, petitioner Tereginald Wallace ("Wallace") was convicted in an Arkansas state trial court of first degree murder and sentenced as an habitual offender to the custody of respondent Ray Hobbs ("Hobbs"). Wallace filed a state trial court motion for new trial, but the motion was denied. He then appealed his conviction and the denial of his motion for new trial. The Arkansas Court of Appeals found no reversible error and affirmed his conviction and the denial of his motion for new trial in a decision dated May 12, 2004. See Wallace v. State, 2004 WL 1059787 (Ark.App. 2004). Wallace did not subsequently pursue post-conviction relief in the state courts of Arkansas, although he did file a petition for writ of error coram nobis. The petition was eventually denied by the state Court of Appeals in a summary decision dated September 28, 2005.

On September 9, 2005, Wallace challenged his 2002 conviction by filing his first petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. See Wallace v. Norris, 5:05CV00257 SWW. On October 15, 2008, United States District Judge Susan Webber Wright adopted the findings and recommendation of United States Magistrate Judge Henry L. Jones, Jr., and dismissed the petition on the merits. See Wallace v. Norris, 2008 WL 4616625 (E.D.Ark. 2008). Wallace thereafter sought a certificate of appealability, but his request was denied by Judge Wright on November 21, 2008, and the United States Court of Appeals for the Eighth Circuit on August 17, 2009.

On March 25, 2014, Wallace again challenged his 2002 conviction by filing the petition at bar pursuant to 28 U.S.C. 2254.[1] Hobbs responded to the petition by filing the pending motion to dismiss. See Document 20. In the motion, he asked that the petition be dismissed because it is a second or successive petition, and Wallace did not obtain permission from the Court of Appeals to file the petition. Wallace filed a response to Hobbs' motion, after which the undersigned notified Wallace of Hobbs' assertion. Wallace was invited to file any additional materials in response to the motion, and he accepted the invitation by filing a second and third response.

Clearly, the petition at bar is Wallace's second challenge to his 2002 conviction by means of a petition pursuant to 28 U.S.C. 2254. The permission, or pre-authorization, of the Court of Appeals is required before the petition can be considered, see 28 U.S.C. 2244(b), and he has not obtained the required pre-authorization to file his petition.[2]

---

[1] Wallace represented in his petition that he was filing it pursuant to sections 16-112-101 through 123 of the Arkansas Code. In a subsequent submission, though, he asked whether he needed to "leave the heading as it is …" or "correct the heading to [a] habeas corpus petition 28 U.S.C. 2254 …" See Document 4 at 1. The undersigned determined that the petition was more in the nature of one pursuant to 28 U.S.C. 2254, and he was notified that his petition would be re-characterized as such. In accordance with Smith v. Hobbs, 490 Fed. Appx. 833 (8th Cir. 2012), he was warned that re-characterization would mean any subsequent petition pursuant to 28 U.S.C. 2254 would be subject to the restrictions on second or successive petitions, and he must either withdraw his petition or amend it to include all of his claims. Wallace was given an opportunity to either withdraw the petition or amend it to include all of his claims. He eventually filed a response in which he expressed his desire to prosecute this case pursuant to 28 U.S.C. 2254. In the same submission, he also represented the following: "I do not wish to amend other claims to this petition," and "I'll like to leave the petition just as it is …" See Pleading 12 at 1. Given his representations, the undersigned re-characterized his petition as one pursuant to 28 U.S.C. 2254.

[2] The filing of a second or successive petition is governed by 28 U.S.C. 2244(b)(3)(A). It provides the following: "Before a second or successive [petition] permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the [petition]."

Wallace maintains that his petition should be considered without satisfying the pre-authorization requirement because the petition contains claims of newly discovered evidence, evidence that he maintains proves he is actually innocent. The allegedly new evidence he relies upon includes, inter alia, the representations contained in affidavits signed by Hakim Malik, a/k/a Kevin X. Williams, see Document 2 at 23-25; Malik Shakir, see Document 2 at 26-28; and Johnny Lee Brown, see Document 2 at 30; as well as the representations contained in Wallace's own affidavits, see Document 2 at 31-47. A brief summary of the representations contained in the affidavits is extremely difficult; the upshot of the representations is that Wallace did not murder Lorenzo "Junior" Petties as the State of Arkansas charged and the jury found.[3]

Wallace's assertion does not excuse his failure to satisfy the pre-authorization requirement. Accepting, without deciding, that the claims contained in his petition are new in the sense that he only learned of them after the dismissal of his prior petition pursuant to 28 U.S.C. 2254, "[e]ven new claims based on new evidence cannot be raised in a second or successive habeas petition without pre-authorization from the apposite federal appellate court." See Caroon v. Hammer, 2013 WL 5359559 at 3 (D.Minn. 2013) [citing Tompkins v. Secretary, Department of Corrections, 557 F.3d 1257, 1260 (11th Cir. 2009); Crawford v. Minnesota, 698 F.3d 1086 (8th Cir. 2012)].

---

[3] As a part of Wallace's claim of newly discovered evidence, he maintains that he only recently learned three detectives and Sam Thomas, the State's primary witness, gave false and/or misleading testimony with the knowledge and approval of the prosecution. Wallace also maintains that he only recently learned the prosecution failed to disclose exculpatory evidence.

Given the foregoing, the petition at bar is clearly a second or successive petition, and Wallace failed to obtain pre-authorization to file it. The undersigned recommends that the petition be dismissed without prejudice so that Wallace may seek pre-authorization from the United States Court of Appeals for the Eighth Circuit. All requested relief should be denied, and judgment should be entered for Hobbs. A certificate of appealability should also be denied because Wallace can not make a substantial showing of the denial of a constitutional right. See 28 U.S.C. 2253.[4]

DATED this ___9___ day of July, 2014.

*[signature]*

UNITED STATES MAGISTRATE JUDGE

---

[4] One concluding point is in order. In Bates v. Norris, 2006 WL 3741925 (E.D.Ark. December 18, 2006), United States District Judge Billy Roy Wilson chose not to dismiss a petitioner's second or successive petition but instead ordered the petition be construed as a motion to proceed with a second or successive petition and be transferred to the Court of Appeals. Wallace's petition should not be treated likewise.